Barrett S. Litt, SBN 45527
Stacey Brown, SBN 245661
E-Mail: blitt@littlaw.com
LITT, ESTUAR & KITSON, LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017-1912
Telephone: (213) 386-3114
Facsimile: (213) 380-4585

Michelle Marie Kezirian, SBN 189481
Julius C. Thompson, SBN 198450
Email: jthompson@bettzedek.org
BET TZEDEK LEGAL SERVICES
145 South Fairfax Avenue, Suite 200
Los Angeles, California  90036-2172
Telephone: (323) 549-5862
Facsimile: (323) 549-5880

Attorneys for Plaintiff-Intervener, Chung Tai International Chan Buddhist Association

Michael B. Montgomery, SBN 34310
Email: mbmontgomery@hotmail.com
CITY ATTORNEY, CITY OF WALNUT
2627 Mission Street, Suite 1
San Marino, CA 91108-1639
Telephone: (626) 799-0550
Facsimile: (626) 799-0050

Attorney for Defendant,  City of Walnut, California

*MADE JS-6*

# United States District Court
# Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>CHUNG TAI INTERNATIONAL CHAN BUDDHIST ASSOCIATION,<br><br>Plaintiff-Intervener,<br><br>v.<br><br>CITY OF WALNUT, CALIFORNIA,<br><br>Defendant. | CASE NO. CV 10-06774-GW(MAN)<br><br>[The Honorable George H. Wu]<br><br>AGREED ORDER |

## I.    INTRODUCTION AND BACKGROUND

1. This Agreed Order is entered into between the Chung Tai International Chan

Buddhist Association ("Zen Center") and the City of Walnut, California ("City" or "Walnut").

2. This action was brought initially by the Department of Justice of the United States of America on September 13, 2010, to enforce provisions of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

3. On March 8, 2011, the Zen Center, as a Plaintiff-Intervener, filed a complaint in intervention. The Zen Center's Complaint in Intervention alleged claims for violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") (42 U.S.C. §2000cc *et seq.*), 42 U.S.C. §1983 (First and Fourteenth Amendments), and the Fair Housing Act (42 U.S.C. §3601).

4. The Zen Center's allegations arise out of the City's Planning Commission's denial of the Zen Center's application for Conditional Use Permit to construct a new Buddhist house of worship on a parcel of land it owned, located at 20836 Marcon Drive in Walnut, California. Under the Walnut Code, houses of worship may operate in this area if granted a Conditional Use Permit.

5. As a result of the denial of its Conditional Use Permit application, the Zen Center sold the property on Marcon Drive and relocated to Pomona, where it now operates a Buddhist house of worship.

6. The Department of Justice and the City resolved their dispute with an Agreed Order. The Zen Center and City of Walnut also agree that the Zen Center's Complaint in Intervention should be amicably resolved without further expense and unnecessary litigation. Accordingly, the Zen Center and City agree to the terms of an entry of this Agreed Order, as indicated by their signatures below.

Accordingly, it is hereby ordered, adjudged and decreed as follows:

**II. <u>Training</u>**

7. The City shall retain a qualified person or organization who, no later than 18 months from May 1, 2012, or within 30 days of an application for a land use implicating RLUIPA, whichever is sooner, will provide training on the requirements of RLUIPA to each member of the City Council, the Walnut

Planning Commission, the City Manager, the Director of Community Development, and any City employee or contractor involved in the processing or review of CUP applications.

8. Updated training shall occur three years from the date of entry of the Agreed Order, except that, if there is an application for a land use implicating RLUIPA subsequent to the last training and there are individuals defined in ¶ 7 who have not received training, then the second training shall occur within 30 days of said application.

9. The trainer shall have reasonable discretion to require that any one or more trainees be re-trained, if the trainee does not meet the trainer's criteria for participation.

10. This Agreed Order requires two trainings during the life of the Agreed Order and no more.

11. Reports of all training should be sent to Judge Nagle. Further, within 14 days of the training, the City shall provide to Judge Nagle verification of all those who attended training, and those who were certified by the trainer.

12. <u>Selection of the trainer:</u> Each party will present their proposed trainers (not to exceed three per side) to Judge Nagle and the other party, within 30 days of entry of this Agreed Order. Each proposal shall set forth the qualifications and requested compensation of all candidates.

13. There will be a joint session of both sides and Judge Nagle, within 30 days thereafter, at which an effort to reach agreement on the trainer will be made. If agreement cannot be reached on the trainer, Judge Nagle will decide who will act as the trainer. Her decision will be binding and non-appealable.

14. If the selected trainer becomes unavailable during the life of the Agreed Order, Judge Nagle shall choose a substitute trainer from those names previously submitted.

15. The City shall pay all training costs.

**III.   Consultant**

16. The City shall retain a qualified person or organization who, when an application for a land use implicating RLUIPA is filed, will advise Walnut regarding RLUIPA-related issues with respect to land use for religious purposes.

17. The recommendations of the consultant shall be made publicly available.

18. <u>Selection of the consultant</u>: Each party will present their proposed consultants (not to exceed three per side) to Judge Nagle and the other party, within 30 days of entry of the Agreed Order. Each proposal shall set forth the qualifications and requested compensation of all candidates.

19. There will be a joint session of both sides and Judge Nagle within 30 days thereafter, at which an effort to reach agreement on the consultant will be made. If agreement cannot be reached on the consultant, Judge Nagle will decide who will act as a consultant. Her decision will be binding and non-appealable.

20. If the consultant becomes unavailable during the life of the Agreed Order, Judge Nagle shall choose a substitute consultant from the previously submitted lists.

21. The City shall pay all consultant costs.

## IV.     **Future CUP Applications by the Zen Center**

22. Should the Zen Center apply to operate a house of worship in the City of Walnut, recommendations of the consultant described above in ¶16 will be made publicly available during the process.

23. The City Manager and the Community Development Director shall personally and jointly participate in, and make recommendations to the Planning Commission and the City Council (should the need arise) regarding, the application.

## V.     **Publication of Agreed Order**

24. This Agreed Order shall be posted on the homepage of the City's website (http://www.ci.walnut.ca.us) for a period of not less than 180 days.

## VI.     **Retention of Jurisdiction and Enforcement Of Agreed Order**

25. This Court retains jurisdiction to 1) enforce the terms of the Settlement Agreement entered into by the Parties on _____, and 2) to enforce this Agreed Order.

26. The Parties understand and agree that this Agreed Order is intended to supplement and not duplicate the Agreed Order entered into by and between the United States of America and the City of Walnut on August 4, 2011, in this matter.

27. This Agreed Order shall be enforceable in the same manner as any court order. In the event of a failure by City to perform in a timely manner any act required by this Order or otherwise to act in conformance with any provision thereof, the Zen Center may move this Court to impose any remedy authorized at law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and any costs and reasonable attorneys' fees which have been occasioned by the violation or failure to perform (subject to the provisions of ¶¶ 28-30 herein).

## VII.   Pre-litigation Efforts to Resolve Issues/Attorney's Fees

28. If the City does not comply with the provisions set forth in the Agreed Order, the Zen Center or its representatives shall send a letter requesting compliance within 60 days. If the City fails to comply at the expiration of the 60 days, the Zen Center shall then be entitled to bring an action or motion to enforce the Agreed Order. However, before doing so, mediation shall be held with Judge Nagle within 30 additional days. If the matter is resolved at mediation, no fees shall be due.

29. Judge Nagle may act as both the mediator and the trial judge for all purposes in the event that a dispute is not resolved during mediation.

30. In the event that the Zen Center brings an action or motion to enforce the Agreed Order and prevails in said action or motion, either party shall be entitled to reasonable attorney's fees and costs under the same standards that would apply if such an enforcement action had been brought as an action under RLUIPA.

31. The Zen Center shall not be entitled to monitoring fees.

## VIII. Duration of Order

32. This Agreed Order shall remain in effect from the date of entry by the Court, through and including August 3, 2015, after which this case shall be fully and finally dismissed with any party able to re-open to enforce settlement.

Entered this 31st day of May, 2011.

*[signature: George H. Wu]*
_____
The Hon. George H. Wu
United States District Judge

Each party, by and through its' authorized representatives and counsel, the undersigned apply for consent to entry of this Order:

DATED: May __, 2012            _____
                                            Michael Montgomery
                                        City Attorney, City of Walnut
                                      Counsel for the City of Walnut

DATED: May __, 2012            _____
                                                          Mary Su
                                                          Mayor
                                            for the City of Walnut

DATED: May __, 2012            _____
                                              Robert Wishner
                                            City Manager
                                           for the City of Walnut

DATED: May __, 2012            _____
                                              Barrett S. Litt
                                         Litt, Estuar & Kitson, LLP
                                    Counsel for Chung Tai International

|  |  |
|---|---|
| DATED: May __, 2012 | Chan Buddhist Association<br><br>_____<br>Michelle M. Kezirian<br>Bet Tzedek Legal Services<br>Counsel for Chung Tai International<br>Chan Buddhist Association |
| DATED: May __, 2012 | _____<br>Jian Xiang Shi<br>Abbess of Middle Land Chan<br>Monastery, Representative for<br>Chung Tai International Chan<br>Buddhist Association |